CHRISTENSEN et al, Respondents, v. FARLAND et al, Appellants.

(203 N. W. 459.)

(File No: 5451. Opinion filed April 18, 1925.)

**Descent and Distribution—Findings—Evidence—Mortgages—Finding that Deed Was Intended as Mortgage Held Warranted.**

Evidence held to warrant finding that deed was intended as a mortgage, and hence, on grantor's death, property vested in his heirs subject to grantee's claim as secured by his deed.

Appeal from Circuit Court, Grant County; Hon. B. A. WALTON, Judge.

Action by Stella Christensen and another against Theodore Farland, Martha Froshaug, David J. Froshaug, and other. Judgment for plaintiffs, and defendants Martha Froshaug and David Froshaug appeal. Affirmed.

*Robert D. Jones*, of Milbank, and *Howard Babcock*, of Sisseton, for Appellants.

*Waddel & Dougherty*, of Webster, for Respondents.

POLLEY, P. J.   This action was brought for the purpose of compelling the defendants to account for the proceeds of the sale of a quarter section of land.

The plaintiffs are two of the children and heirs at law of John T. Farland, deceased. The defendant Theodore Farland is one of the children and an heir at law of said John T. Farland. The defendant Martha Froshaug was the wife of said John T. Farland, and is one of the heirs at law.

It appears from the evidence, and the court so found, that about the year 1892 the said John T. Farland and one John Johnson, a brother of Farland's wife, now Martha Froshaug, pur-

chased 240 acres of land in Grant county. They took the title to said land subject to a mortgage for $1,000, owned by the Middlesex Banking Company. They paid $1,000 in cash and gave to one Hoxy and wife a second mortgage for $1,000. The title was taken in the name of John T. Farland. The mortgages were not paid, and about 1896 the first mortgage was foreclosed and the land sold to the mortgagee at foreclosure sale. During the period of redemption one Seim, a brother-in-law of Mr. Farland, advanced some $600 to the Middlesex Banking Company, took an assignment of the sheriff's certificate of sale, and gave to said banking company his own note and mortgage for the balance due to the said company. He subsequently took a sheriff's deed to the property.

Farland and the said Johnson occupied and farmed said land from the time they purchased it in 1892 to about 1896, when Johnson died. Thereafter Farland and wife occupied and farmed the land until about 1899, when he died. Thereafter Farland's widow and children occupied and farmed the land until in November, 1900, when she married defendant David J. Froshaug, since which time they occupied and farmed the land until it was sold. Seim never occupied any part of the land or claimed any interest therein except as security for the money he had advanced and the note and mortgage he had given.

By an arrangement that was satisfactory to all parties, and which is not material to any issue involved, Seim, in 1898, conveyed 80 acres of the land to the mother of the said John Johnson deceased. On the 7th day of May, 1898, Seim conveyed the remaining quarter section to Farland, but it is not claimed that any part of the money that had been advanced by Seim had been repaid.

Farland's health was poor, and, realizing that he had but a short time to live, on the 17th day of January, 1899, he conveyed the land back to Seim; and the purpose of this conveyance is the only disputed question of fact in the case. The testimony on behalf of the plaintiffs tends to show that Farland and his wife, conveyed the land back to Seim to be held by him as security for the money he had advanced and the note he had signed, and that the deed was in fact intended as a mortgage only, while the testimony on behalf of defendants tends to show that Farland

and wife conveyed the land to Seim for the sole benefit of Mrs. Farland, and with the understanding that Seim was to convey the property to her after his death; that it was the understanding of Farland and his wife that a deed of conveyance from husband to wife was not valid, and in order to pass the title to her it must be conveyed through a third party.   The court found for the plaintiffs on this question of fact, and we think the evidence fully warrants such finding.

As above stated, Farland died in April, 1899.   In November, 1900, Seim deeded the property to Mrs. Farland; she placed a new loan thereon and took up the Seim note and mortgage.   Farland's estate was never probated.

From the foregoing facts but one conclusion can follow: When Farland died his property vested in his heirs, subject to Seims' claim as secured by his deed, and when the property was sold the respective interests of the heirs followed the proceeds of the sale and should be accounted for by the defendants.

The judgment and order denying new trial are affirmed.

CAMPBELL, J., not present.

Note.—Reported in 203 N. W. 459.   See, Headnote, American Key-Numbered Digest, Descent and distribution, Key-No. 75, 18 C. J. Sec. 12, Mortgages, Key-No. 38(1), 27 Cyc. 1024.